IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Charles R. Call,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | 1:15cv1585 (TSE/IDD) |
| Harold W. Clarke,<br>    Respondent. | )<br>)<br>) | |

## MEMORANDUM OPINION

Charles R. Call, a Virginia inmate proceeding pro se, has submitted a document in which he requests relief from wrongful convictions, due to a Fourth Amendment violation, entered in the Newport News Circuit Court, Virginia. This matter comes before the Court upon petitioner's amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, dated February 3, 2016, in which he specifically alleges that his vehicle was unconstitutionally stopped prior to his arrest.[1] Because it plainly appears from the face of the petition that petitioner is not entitled to federal habeas corpus relief, the petition will be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254.

---

[1] Also at issue is petitioner's letter dated January 21, 2016, and filed January 28, 2016, in which he explains that his original filing dated November 12, 2015, was intended to be an appeal to the United States Supreme Court. See Dkt. No. 8. Petitioner has now intentionally and unmistakably filed an amended petition for a writ of habeas corpus here, raising the same Fourth Amendment claim as the claim he raised in his January 21, 2016 letter. Accordingly, the letter is duplicative. Importantly, however, the petitioner is not barred from corresponding with the United States Supreme Court regarding an appeal of his Fourth Amendment claim. In deference to plaintiff's pro se status, the address for the Supreme Court is: Supreme Court of the United States, 1 First Street, NE, Washington, DC 20543. Petitioner is advised that the Court cannot provide him with legal advice and therefore cannot advise him on how to file an appeal in the United States Supreme Court on his behalf.

## I.

In his Memorandum of Law in Support of Petition for Writ of Habeas Corpus, petitioner alleges that on the afternoon of September 20, 2013, at approximately 2:50 pm, Christopher Newport Police Officer, Calvin Cherry ("Officer Cherry"), stopped a vehicle, a PT Cruiser, for failure to stop at a stop sign. Dkt. No. 10 at 2. Petitioner was the driver of the PT Cruiser and was the sole occupant of the vehicle. Id. Subsequent to stopping petitioner's vehicle, Officer Cherry administered field sobriety and breathalyzer tests, and he then placed petitioner under arrest. Id.

Petitioner contends that "on or about December 9, 2013, a grand jury impaneled for the City of Newport News, Virginia indicted him ... on one (1) count of driving while intoxicated third (3rd) or subsequent offense (later amended to 2nd offense) and one (1) count of habitual offender in violation of Virginia Code §§18.2-266 and 46.2-357." Id. at 1-2. During a bench trial, Officer Cherry testified that "[t]here was a stop sign and a faded stop bar southbound on Corbin Drive" and that "[t]he approaching PT Cruiser came to an abrupt stop past the stop sign in the middle of the intersection." Id. at 2 ("Cherry testified that all four of the tires on the PT Cruiser were past the stop bar and that the vehicle came to a stop in the middle of the intersection past the stop sign."). Petitioner alleges that he "testified that there was no stop bar at that intersection only a stop sign and that he stopped at the stop sign and motioned the pickup truck to proceed with his turn." Id.

While the case was still pending in the Newport News Circuit Court, on April 17, 2014, petitioner filed a Motion to Suppress the Evidence regarding Officer Cherry's testimony about the traffic stop. See Dkt. No. 9, Ex. A at 5-6. The court held a hearing on the matter. Id. Petitioner argued that Officer Cherry did not have reasonable, articulable suspicion that the vehicle

or its occupants were involved with some sort of criminal activity in order to justify the investigatory stop of petitioner's vehicle. Dkt. No. 10 at 3. On the evidence presented by the government and petitioner, the court denied petitioner's Motion. In reaching this result, the Circuit Court "went further in it's [sic] analysis to consider testimony by the [petitioner] and found reasonableness for the traffic stop through the [petitioner's own] testimony." Id. Specifically, the petitioner admitted on cross-examination that his "front tires may have been past the stop sign" when Officer Cherry stopped his vehicle. Id. at 2.

Petitioner was convicted on June 24, 2014, in the Newport News Circuit Court for Driving While Intoxicated and Habitual Offender. Dkt. No. 9 at 1; CR13002002-00, CR13002003-00. He was sentenced to five (5) years with two (2) years and six (6) months suspended, and twelve (12) months, respectively. Id. Petitioner appealed his convictions to the Virginia Court of Appeals, and his appeal was denied on January 29, 2015. Rec. No. 1345-14-1. Petitioner sought higher review by the Supreme Court of Virginia, and the Supreme Court of Virginia denied his petition for appeal on August 13, 2015. Rec. No. 150238.

Petitioner has now filed a particularized and amended petition for a writ of habeas corpus, arguing that the "Court of Appeals erred when it found that a reasonable basis existed for Officer Cherry to conduct a traffic stop of Call's evidence." Dkt. No. 9 at 4. Specifically, he argues that "the [c]ourt should have sustained the motion to suppress, and dismissed the case under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (Fruits of the Poisonous Tree)." Dkt. No. 10 at 4.

## II.

Analysis properly begins by considering whether federal habeas review of petitioner's Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465 (1976). There, the Supreme

Court held that where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Id. at 494. In other words, pursuant to Stone, a federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that a Fourth Amendment violation did occur but was harmless, unless it first determines that the state did not provide the petitioner an opportunity for full and fair litigation of that claim. Id. Thus, as the Fourth Circuit has elucidated, "Stone . . . marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982).

In reaching this result, the Supreme Court in Stone concluded that the exclusionary rule, held applicable to the states in Mapp v. Ohio, 367 U.S. 643 (1961), "is not a personal right" because it fails to redress "the injury to the privacy of the victim of the search or seizure" at issue, "for any '[r]eparation comes too late.' " Stone, 428 U.S. at 486 (quoting Linkletter v. Walker, 381 U.S. 618 (1965)). Rather, as the Supreme Court in Stone made clear, the exclusionary rule's purpose is to deter future Fourth Amendment violations, and accordingly, application of the exclusionary rule on collateral review would only marginally advance the interest in deterrence. See id.[2]

---

[2] The Supreme Court in Stone further noted that application of the exclusionary rule on collateral review would be costly insofar as it would not only exclude reliable evidence and divert attention from the central question of guilt, but would also intrude upon the public interest in " '(i) the most effective utilization of limited judicial resources, (ii) the necessity of finality in criminal trials, (iii) the minimization of friction between our federal and state systems of justice, and (iv) the

When the Supreme Court first announced the rule in <u>Stone</u>, it appeared to some that the Supreme Court had created two tiers of rights: (i) those that are guilt-related, and therefore fall within the ambit of federal habeas review, and (ii) those that are not guilt-related, like the Fourth Amendment exclusionary rule, and therefore fall outside the ambit of federal habeas review. In this regard, the holding of <u>Stone</u> sparked criticism from several commentators who not only disagreed with the Supreme Court's reasoning in <u>Stone</u>, but also anticipated that the same reasoning would be employed to exclude a large class of constitutional rights from federal habeas review.[3] Yet, contrary to what these commentators anticipated, the Supreme Court has consistently refused to extend the reasoning of <u>Stone</u> to other rights.[4] Importantly, however, the central holding of <u>Stone</u> has never been curtailed, and therefore remains binding precedent that

---

maintenance of constitutional balance upon which the doctrine of federalism is founded.' " <u>Id.</u>, at 491, n.31 (quoting <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 259 (1973) (Powell, J., concurring)).

[3] <u>See, e.g.</u>, Louis Michael Seidman, <u>Factual Guilt and the Burger Court: An Examination of Continuity and Change in Criminal Procedure</u>, 80 Colum. L. Rev. 436, 449-59 (1980) (arguing that the Supreme Court's reasoning in <u>Stone</u> was flawed insofar as it relied on inconsistent rationales, namely guilt-relatedness, which concerns the accuracy of outcomes, and finality, which concerns the integrity of the process); Ira Robbins and James Sanders, <u>Judicial Integrity, the Appearance of Justice, and the Great Writ of Habeas Corpus: How to Kill Two Thirds (or More) with One Stone</u>, 15 Am. Crim. L. Rev. 63, 66-85 (1977) (criticizing the Supreme Court's focus in <u>Stone</u> on deterrence of police misconduct as the rational for excluding illegal evidence and arguing that federal habeas review of Fourth Amendment violations is in any event fully justified by a concern for judicial integrity).

[4] <u>See, e.g.</u>, <u>Withrow v. Williams</u>, 507 U.S. 680, 693 (1993) (declining to extend *Stone* to the Fifth Amendment <u>Miranda</u> rule because <u>Miranda</u> is not only a deterrent but also safeguards a fundamental trial right that is not wholly divorced from the ascertainment of guilt); <u>Kimmelmann v. Morrison</u>, 477 U.S. 365, 372 (1986) (refusing to extend *Stone* to Sixth Amendment ineffective assistance of counsel claims founded primarily on incompetent representation with respect to a Fourth Amendment issued); <u>Rose v. Mitchell</u>, 443 U.S. 545, 563 (1979) (declining to extend <u>Stone</u> to foreclose habeas review of an equal protection claim of racial discrimination in selecting a grand-jury foreman).

applies here.[5] Thus, pursuant to Stone a federal habeas court may not review a petitioner's Fourth Amendment claims unless the petitioner can show that the state did not provide him an opportunity for full and fair litigation of that claim. Stone, 428 U.S. at 494.

Here, petitioner has not shown that the state failed to provide him an opportunity for full and fair litigation of his Fourth Amendment claim. To the contrary, the record reflects that petitioner had a full and fair opportunity to litigate that claim in state court given that: (i) petitioner litigated his Fourth Amendment claim in a suppression hearing before the Newport News Circuit Court in which plaintiff had an opportunity to present witnesses and evidence and to cross-examine the government's witnesses and evidence, see Dkt. No. 10; Dkt. No. 9; Ex. A. at 5-6.; and (ii) petitioner appealed the Circuit Court's decision, and the Virginia Court of Appeals found that "[t]he record support[ed] the trial court's conclusion that the officer possessed a reasonable, articulable suspicion of criminal activity to support the stop," Dkt. No. 9, Ex. 1 (Rec. no. 1345-14-1, Jan. 28, 2016 Order at 2-3). Petitioner does not contend that the suppression hearing itself violated his constitutional rights; nor does he contend that his counsel was ineffective during the suppression hearing. Instead, petitioner contends only that his Fourth Amendment right was violated insofar as the Circuit Court should have sustained his motion to suppress. Accordingly, pursuant to Stone, because petitioner's Fourth Amendment claim was fully and fairly litigated in state court, that claim falls outside the scope of federal habeas review, and hence must be dismissed.

---

[5] See Hughes v. Dretke, 412 F.3d 582, 596 (5th Cir. 2005) (applying Stone to bar Fourth Amendment claim on habeas review of state court proceedings where the Fourth Amendment claim was fully and fairly litigated), cert denied, 546 U.S. 1177 (2006); Foltz v. Clark, No. 3:13CV627, 2014 WL 4202482, at *4 (Aug. 22, 2014) (same); Saunders v. Johnson, No. 10-6541, 2011 WL 1558420, at *3 (April 21, 2011).

### III.

For the reasons stated here, this petition will be dismissed, with prejudice, pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254. An appropriate Order will issue.

Alexandria, Virginia
February 22, 2016

/s/ _____
T. S. Ellis, III
United States District Judge